UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MAGIC JOHNSON THEATRES** ) | **CASE NO. 1:05CV700** |
| ) | |
| **Plaintiff,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| Vs. ) | |
| ) | |
| **RANDALL PARK MALL, LLC, et al.** ) | **OPINION AND ORDER** |
| ) | |
| **Defendants.** ) | |

### CHRISTOPHER A. BOYKO, J:

This matter comes before the Court on Defendants' Motions to Stay and Compel Arbitration and Motion for Preliminary Injunction and Plaintiff's Complaint for Declaratory Judgment. Upon consideration and review the Court finds that the arbitration clause controls the resolution of the factual dispute and orders this case stayed pending arbitration.

### FACTS

Plaintiff Magic Johnson Theatres leases space from Defendants pursuant to a lease agreement. Under the terms of the lease agreement, specifically section 6.03(d), Plaintiff may terminate the lease if

1

fifty percent (50%) or less of the floor area of the shopping center, exclusive of the demised premises, is not open to the public for business. Plaintiff alleges that on February 15, 2005, it obtained evidence that more than fifty percent of the floor area was not open to the public for business. Acting on this information, Plaintiff sent notice of its intent to terminate the lease on June 9, 2005. On March 2, 2005, Defendants informed Plaintiff that any attempt to terminate the lease would be viewed as a breach. On March 9, 2005, Plaintiff filed its Complaint for Declaratory Judgment seeking a Court determination on the disputed issue of the amount of floor area open to the public. Section 16.10(a) of the lease permits the commencement of a declaratory action to determine "whether or not a state of facts exists which would qualify as the alleged default in question..." In response to the filing of the declaratory judgment action Defendants filed a motion for preliminary injunction under Section 16.07 of the lease agreement which states, " in the event of any breach or threatened breach by a party of any of the covenants contained in this Lease the other party shall be entitled to enjoin such breach or threatened breach and shall have the right to invoke any right and remedy allowed by law or in equity..." At the same time Defendants filed a Motion to Stay and Compel Arbitration under Section 16.09 which states, "in the event of a dispute between landlord and tenant with respect to any issue of fact relating to this lease, such dispute shall be settled and finally determined by arbitration in accordance with the commercial arbitration rules then in effect of the American Arbitration Association or its successors." There is no dispute on the validity or enforceability of the arbitration clause contained in the lease.

## LAW AND ANALYSIS

It is a well-established rule that any doubts regarding arbitrability should be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25 (1983). In

addition, the Supreme Court has held that the FAA preempts state laws and policies regarding arbitration. *Southland Corp. v. Keating,* 465 U.S. 1, 10-11 (1984).

The Federal Arbitration Act ("FAA") provides that arbitration clauses in commercial contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. §2. If a court determines that the cause of action is covered by an arbitration clause, it must stay the proceedings until the arbitration process is complete. 9 U.S.C. §3. When asked by a party to compel arbitration under a contract, a federal court must determine whether the parties agreed to arbitrate the dispute at issue. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 626 (1985). Courts are to examine the language of the contract in light of the strong federal policy in favor of arbitration. *Id*. Likewise, any ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration. *Id* Under the statute, a district court must make a number of threshold determinations before compelling arbitration: when considering a motion to stay proceedings and compel arbitration under the Act, a court has four tasks: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration. *See Compuserve, Inc. v. Vigny Int'l Finance, Ltd.,* 760 F.Supp. 1273, 1278 (S.D.Ohio 1990).

Under the *Compuserve* analysis the Court finds that the parties did agree to arbitrate as there is no dispute regarding the validity and/or enforceability of the arbitration clause itself. The Court finds

3

that the language of the arbitration clause is broadly worded. The terms of the arbitration clause state that any issue of fact relating to the lease is to be determined in arbitration. Plaintiff argues that there is no genuine issue of fact on the amount of available floor area open to the public as the supporting affidavit of defendant is self-serving and inaccurate. The Court finds that the competing affidavits create a genuine issue of fact regarding a key provision of the lease and the terms of the arbitration clause encompass exactly this type of dispute. The amount of floor space open to the public is a question of material fact that is the center of this dispute. The Court finds that this type of dispute was contemplated by the parties when drafting the lease and is, therefore, subject to the terms of the arbitration clause.

As to the third and fourth steps of a *Compuserve* analysis the Court finds that there are no federal statutory issues at stake nor is there a claim before this Court that is not subject to the arbitration clause.

The Court finds that whether Plaintiff's intent to terminate the lease under Section 6.03(d) constitutes a breach is a question of fact for the arbitrator to determine and must be resolved in arbitration before the Court may rule on the Complaint for Declaratory Judgment. Plaintiff argues that the declaratory judgment provision of Section 16.10(a) of the lease does not require arbitration but merely a determination by the Court apart from the arbitration clause. As the contract does not discuss the priority of the declaratory judgment clause versus the arbitration clause and, federal case law requires that any ambiguities in a contract be construed in favor of arbitration, this Court finds the arbitration clause preempts the declaratory judgment clause. Therefore, the Court grants Defendants' Motion to Stay and Compel Arbitration in accordance with the terms and provisions of the lease. Until

such time as the arbitrator has ruled on the factual issues in dispute the Court stays all further proceedings and will hold in abeyance all pending motions.

       IT IS SO ORDERED.


Date: <u>May 4, 2005</u>         /s/ <u>Christoper A. Boyko</u>
                                                     CHRISTOPHER A. BOYKO
                                                     United States District Judge
                                                     Original signature on file